UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARRICK GRIMES and YOLANDA GRIMES,

       Plaintiff(s),

-against-

FREMONT GENERAL CORPORATION,
FREMONT INVESTMENT & LOAN, WCS
LENDING LLC, JONATHAN TANENBAUM,
AMERICA'S SERVICING COMPANY, U.S.
BANCORP and U.S. BANK, NATIONAL
ASSOCIATION, AS TRUSTEE FOR MASTER
ASSET BACKED SECURITIES TRUST 2006-FRE-1,

       Defendant(s).

**ANSWER**

Case No. 1024-CV-08
(JGK)

  Defendants, FREMONT GENERAL CORPORATION and FREMONT INVESTMENT & LOAN, by and through their attorneys, KNUCKLES & KOMOSINSKI, P.C., as and for their answer to the Plaintiffs' complaint, hereby alleges as follows:

  FIRST: Denies each and every allegation contained in Paragraphs "8-9," "11-12," "20-21," "23-24," "28," "54," "69-72," "74-76," "83," "89-92," "96-97," "100-102," "106," "108-110," "114-116," "119-121," "126-130," "133-164," "166-176," "178-184," "187-188," "191-192," "195-204," "207-209," "211-215," and "217-220" of Plaintiffs' complaint.

  SECOND: Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraphs "1-7," "10," "13-16," "25-27," "29-51," "53," "58-65," "68," "73," "78-82," "84," "94," "98-99," "104-105," "107," "117-118," and "190" of Plaintiffs' complaint.

THIRD: Repeats and realleges with the same force and effect as previously contained herein each and every allegation contained in Paragraphs "111," "122," "131," "165," "177," "185," "189," "193," "205," "210," and "216" of Plaintiffs' complaint.

FOURTH: Denies each and every allegation contained in Paragraph "22" except admits that Fremont Investment & Loan did not accept applications by mortgage brokers that were not previously approved by Fremont.

FIFTH: Denies each and every allegation contained in Paragraph "52" except admits that Fremont notified WCS Lending and Plaintiffs that Plaintiffs were approved for two mortgages.

SIXTH: Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs "55-56," "66," "77" of Plaintiffs' complaint, except asserts that Fremont mailed all pre-disclosures and disclosures to Plaintiffs.

SEVENTH: Denies each and every allegation contained in Paragraph "57" except admits that Fremont properly issued a conditional counter offer.

EIGHTH: Denies each and every allegation contained in Paragraph "93" except admits that a yield spread premium was paid to the mortgage broker.

NINTH: Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "103" except denies that Fremont concealed anything from Plaintiffs.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

TENTH: That each cause of action fails to state a claim upon which relief may be granted against Defendants Fremont General Corporation and Fremont Investment & Loan ("Answering Defendants").

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

ELEVENTH: That any alleged injury suffered by Plaintiffs was caused in whole or in part by the actions or inactions of the Plaintiffs or others but not by any alleged acts or omissions of Answering Defendants.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

TWELFTH: That Plaintiffs' claims are barred by the doctrine of waiver.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

THIRTEENTH: That Plaintiffs' claims are barred by the doctrine of laches.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

FOURTEENTH: That Plaintiffs' claims are barred by the doctrine of estoppel.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

FIFTEENTH: That Plaintiffs' claims are barred by the doctrine of unclean hands.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

SIXTEENTH: That Plaintiffs' failure to make legally sufficient tender bars relief sought in the complaint.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

SEVENTEENTH: That the Truth in Lending Act does not provide for the relief sought in Plaintiffs' complaint.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

EIGHTEENTH: To the extent there are any disclosure violations under TILA, which is expressly denied, said violations are within the tolerances for error established by TILA.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

NINETEENTH: To the extent there are any disclosure violations under TILA, which is expressly denied, said violations were the result of a bonafide error and are therefore not actionable under TILA.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

TWENTIETH: That the TILA violations alleged by Plaintiffs are not apparent on the face of the loan documents and, therefore, Plaintiffs may not maintain an action for damages, civil penalties and attorney fees against Answering Defendants.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

TWENTY-FIRST:  That Plaintiffs' claims are barred by the statute of frauds.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

TWENTY-SECOND:  That Plaintiffs' have not sustained any compensable damages.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

TWENTY-THIRD:  That Plaintiffs have failed to mitigate their damages.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

TWENTY-FOURTH:  That Plaintiffs have failed to plead fraud with particularity.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

TWENTY-FIFTH:  That neither Answering Defendants nor its agents or employees made any misrepresentations to Plaintiffs.

## AS AND FOR AN SEVENTEENTH AFFIRMATIVE DEFENSE

TWENTY-SIXTH:  That the alleged misrepresentations, if any, were made by the mortgage broker without the knowledge or consent of Answering Defendants, and can not be attributed or imputed to Answering Defendants.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

TWENTY-SEVENTH: That Answering Defendants did not act in a manner likely to mislead a reasonable consumer acting reasonably under the circumstances.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

TWENTY-EIGHTH: That Plaintiffs did not act as a reasonable consumer and did not act reasonably under the circumstances in connection with the origination of the loan that is the subject of this action.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

TWENTY-NINTH: That Plaintiffs' claim pursuant New York State General Business Law §349 is preempted by federal law.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

THIRTIETH: That Plaintiffs' claim pursuant to TILA is time-barred.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

THIRTY-FIRST: That Plaintiffs' claim pursuant to RESPA is time-barred.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

THIRTY-SECOND: That Plaintiffs' claim pursuant to HOEPA is time-barred.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

THIRTY-THIRD:  That Plaintiffs' claim pursuant to New York State Human Rights Law is time-barred.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

THIRTY-FOURTH:  That Plaintiffs' claim pursuant to the Fair Housing Act is time-barred.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

THIRTY-FIFTH:  That Plaintiffs' claim pursuant to the ECOA is time-barred.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

THIRTY-SIXTH:  That Plaintiffs' claim pursuant to the ECOA is time-barred.

**WHEREFORE**, Defendants Fremont General Corporation and Fremont Investment & Loan, demand judgment on the complaint as follows:

1. Dismissing the complaint in its entirety, and
2. such other and further relief as the court deems just and proper, together with reasonable attorney fees, costs, and disbursements of this action.

Dated:   Tarrytown, New York
         March 17, 2008

_____
KENNETH J. FLICKINGER, ESQ. (KJ-1179)

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on March 17, 2008, a true and correct copy of the foregoing Answer was served on the parties listed below in accordance with the Eastern District's Procedures for Electronic Case Filing, whereby the electronic filing of a document constitutes service, or by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in - a post office - official depository under the exclusive care and custody of the United States Postal Service within the State of New York, as indicated below.

**Darrick Grimes & Yolanda Grimes**
23 Stacey Drive
Newburgh, NY 12550
(via Regular Mail)

**WCS Lending, LLC**
Farrell Fritz, P.C.
1320 Rexcorp Plaza
Uniondale, NY 11556
(via Regular Mail and ECF)

KENNETH J. FLICKINGER (KJ-1179)
KNUCKLES & KOMOSINSKI, P.C.
ATTORNEYS FOR DEFENDANTS
FREMONT GENERAL CORP. &
FREMONT INVESTMENT & LOAN
220 White Plains Road, 6th Floor
Tarrytown, NY 10591
(914) 220-0155